## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **V.B. and J.B.**

**No. 18-0119** (Webster County 17-JA-57 and 58)

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father G.B., by counsel Steven B. Nanners, appeals the Circuit Court of Webster County's January 11, 2018, order terminating his parental rights to V.B. and J.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary E. Sneed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without the imposition of a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was named as a respondent in a prior abuse and neglect case that began in May of 2016.[2] Petitioner completed an improvement period in January of 2017; however, the circuit court expressed concerns regarding the ongoing educational needs of the children and ordered the DHHR to monitor the children through the remainder of the school year.

In June of 2017, the DHHR filed a petition alleging that both children were absent multiple days without excuse, that J.B. was failing several classes and missing assignments, and that V.B. was not returning documentation regarding home reading assignments. Additionally, petitioner recently fled in an encounter with the police and later admitted to using controlled

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]D.B., petitioner's partner and mother of the children, was also named as a respondent in that case.

substances. The DHHR also alleged that when the mother was questioned regarding possible placement with her, she refused to drug screen. The circuit court held a preliminary hearing and found that the children would be in imminent danger if they were returned to their parents' custody.

The circuit court held an adjudicatory hearing in August of 2017 and took judicial notice of petitioner's prior abuse and neglect proceeding. From the evidence presented, the circuit court found that petitioner admitted to using controlled substances and failed to provide a fit and suitable home. Accordingly, the circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period and the circuit court granted that motion in October of 2017. The terms of the improvement period required petitioner to remain drug free, participate in random drug screens, complete a long-term drug rehabilitation treatment program, complete an anger management class, and participate in outpatient drug treatment while waiting for admission to inpatient treatment.

In November of 2017, the circuit court held a review hearing, suspended petitioner's supervised visitation, and indicated that the DHHR should file a motion to terminate petitioner's parental rights within seven days if it intended to so do. Accordingly, the DHHR filed a motion to terminate petitioner's parental rights alleging that petitioner agreed to enter into the LEAD academy, a long-term substance abuse program, but left a few hours after arriving. The DHHR alleged that the mother also left the program because she would not be allowed to smoke cigarettes and that petitioner left because the mother left.

The circuit court held an evidentiary hearing on the DHHR's motion to terminate petitioner's improvement period and parental rights in December of 2017. A DHHR case worker testified that petitioner left the LEAD academy the same day he arrived. Additionally, the worker testified that petitioner attended a substance abuse program in Huntington, West Virginia, for a few days before the evidentiary hearing. However, petitioner now refused to return to the program. The worker testified that petitioner was testing negative for controlled substances, but was not consistently tested in December of 2017 because the DHHR did not consistently find him at home. Finally, the worker testified that petitioner was not participating in anger management classes and had cancelled parenting classes. Petitioner testified that he continued to live with the mother "off and on." The circuit court found that the mother continued to abuse drugs and admitted during the evidentiary hearing that she would test positive for methamphetamine if tested at that time. Further, petitioner testified that he no longer desired to attend inpatient substance abuse treatment and believed that he could manage his addiction through outpatient treatment.

Ultimately, the circuit court found that there was no reasonable likelihood the conditions of neglect and abuse could be corrected within the foreseeable future and that there was no appropriate less-restrictive alternative to termination of petitioner's parental rights. Accordingly,

the circuit court terminated petitioner's parental rights by its January 11, 2018, order.[3] Petitioner now appeals that order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in terminating his parental rights because he was substantially complying with the terms of his post-adjudicatory improvement period and that a less-restrictive dispositional alternative would have been more appropriate than the termination of his parental rights. Petitioner also argues that, although he voluntarily left a second inpatient treatment facility, he simply needed to find a new facility to receive the treatment required by the terms of his case plan. We disagree.

West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "not responded or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]" Upon these findings, the circuit court may terminate a parent's parental rights without the use of less-restrictive alternatives. Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

---

[3]The mother's parental rights were also terminated by that order. According to the parties, the permanency plan for V.B. is adoption in her current foster placement. J.B. will be placed in the same foster home as his sister with a permanency plan of adoption or legal guardianship in that home.

3

The circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected because petitioner was not following through with a reasonable family case plan. Moreover, the record is devoid of any mention that petitioner participated in anger management classes. Similarly, although petitioner participated in a parenting class, he became argumentative and ultimately cancelled a subsequent class. Most importantly, petitioner refused to continue required inpatient drug treatment. On appeal, petitioner argues that the circuit court should have provided him more time to attend a subsequent inpatient treatment. However, it is clear from the record that petitioner specifically requested that he be required to participate in outpatient treatment in place of new inpatient treatment. Further, petitioner participated in a prior abuse and neglect case and completed an improvement period just months before the initiation of these proceedings. In the time between these two cases, the children's education suffered and petitioner began using controlled substances. It is unclear from the record what services petitioner was provided previously. However, it is clear that the circuit court found that petitioner continued to abuse the children in May of 2017. Accordingly, the circuit court did not err in finding there was no reasonable likelihood that the conditions of neglect or abuse would be substantially corrected.

Moreover, the circuit court did not err in finding that termination of petitioner's parental rights was necessary for the welfare of the children. While in petitioner's custody, the children were exposed to drug use and educational neglect and petitioner was unwilling to participate in services that would improve the conditions for the children. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Kristin Y.*, 227 W.Va. at 560, 712 S.E.2d at 57, Syl. Pt. 5. The circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that it was necessary for the welfare of the children to terminate petitioner's parental rights. Accordingly, we find no error in the circuit court's order terminating petitioner's parental rights without the use of less-restrictive alternatives.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 11, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2018

4

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating